## S T A T E   O F   L O U I S I A N A

### PARISH OF ORLEANS

----------------------------------------------------------

S. F. BOWSER COMPANY, INC.   :
                           :         No. 7552,

        versus           :

GEORGE   WAMBSGANS        :       COURT OF APPEAL

## O P I N I O N

### Max Dinkelspiel, Judge.

Plaintiff sues defendant under a contract of sale of a gaso-
lene tank and equipment, the agreed price being $394.50, of which
the defendant paid the sum of $39.45. Plaintiff alleges that it
has fulfilled all the obligations imposed by law upon it under
said contract, and shipped and delivered to the defendant the said
tank and equipment, and stood ready and still stands ready and
willing to install same, as agreed, and has tendered and here-
with tenders the installation thereof; that notwithstanding this,
defendant has declined to accept said tank and equipment, or to
receive the installation thereof, or to pay for same, in accor-
dance with the terms of said contract and said notes; that defen-
dant failed to pay the installment which became due on February
3, 1918, and has paid no other installments than the $39.45
credited to him. · Plaintiff also claims interest at 6% per
annum, and 10% attorneys' fees on the amount of the balance
and interest thereon, and prays for judgment in accordance
therewith.

The defendant first set up no legal right or cause of action;
that the document sued on does not serve for the basis of a judg-
ment against him; and, answering subsequently, he denied the legal
construction placed upon the contract. He admits paying to plain-
tiff $39.45, but avers that said payment is to be governed by the
express terms and conditions of the contract; avers that the con-
tract forming the basis of the suit does not evidence a sale
between the parties; that under its express provisions no title
was to pass; no delivery was ever made or contemplated, except
under certain conditions contained in said contract, and the said
contract contemplated an installation of a certain gasolene machine
or pump by the plaintiff, and evidences an obligation to do or not

■

451

to do, and for the violation of which either party would be entitled to such damages only as were fixed by the written contract; that there was a certain clause inserted in said contract which reserved the right of ownership in plaintiff to reclaim the gasolene machine without due process of law, and to forfeit as liquidated damages such payments as may have been made. He denies that any delivery, real or contemplated, was ever made; denies that plaintiff is entitled to the remedy of specific performance under the contract, or under the subsequent transaction and convention.

Defendant, further answering, says that he sold out his place of business, which fact was well known to the agent of plaintiff, and it was agreed that the gasolene machine would not be installed, but that the agent would do his utmost to dispose of said machine, and denies that any effort was ever made by plaintiff or his agent to install said outfit at any time after its arrival. Therefore he prays for judgment.

The contract in question is in writing and, amongst other clauses, we find this:

> "Terms: In consideration of the shipment of the above listed goods, the undersigned agrees to pay S. F. Bowser Company, Inc. the above named amount, $394.50, same being price of said goods, as follows: Cash with order $39.45, and the balance of $355.05 payable as evidenced by promissory notes with interest attached thereto, which said note is given as evidence of said indebtedness and not in payment thereof."

This agreement was signed by plaintiff's agent and the defendant, and notes given in accordance with the terms of said contract.

From the evidence filed in this case we find that plaintiff's agent, Edward P. Dolan, testified as follows:

"Q: You took this particular order?
A: Yes, sir.
Q: Do you know whether or not the goods called for in this order were shipped and delivered to the defendant?
A: Yes. They were at his place. That is the place he had on St. Claude Avenue.
Q: Are they in his possession at the present time?
A: Yes, they are. When the goods arrived there was

some question about Mr. Wambsgans selling out and he asked me to hold off the installation, and he asked me to make a request of the City Council for the right to install it on the sidewalk, and the council granted a special permit to Mr. Wambsgans to install.

Q: I understand that this is one of those gasolene filling stations that sets on the sidewalk; is that correct?

A: Yes; and they had a permit passed through the council to allow him to do that.

Q And you say that the installation was withheld at his request?

A Yes. He said that he was banking on selling out to a number of parties, and he asked me to hold off. I said 'All right; we are ready, as soon as you are.'

Q: Were you ready to install the apparatus at any time?

A: Yes, sir.

Q: And the machine is in his possession?

A: Yes, sir.

Q: The agreement or contract has not been cancelled, in any way?

A: No, sir.

By the Court:

Q: Has he ever called upon you to install that apparatus according to the contract?

A: No, sir. He sold the business out.

Q: Have any further payments been made beyond the $39.45 which was paid cash?

A: No, sir."

The defendant, Wambsgans, and his wife both testified in this case, and, in accordance with their testimony, we are satisfied that the facts sworn to by Mr. Dolan are absolutely true and without contradiction, and, without going into the details of the testimony - for which there is no necessity - we consider that the plaintiff has fully made out its case.

The law on this subject is to be found in our Civil Code. Article 2456 provides:

"Sale Complete when Agreement to Buy and Sell Perfect. The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid." (Quoting numerous authorities).

Again, we find in Article 2457 of the Civil Code, in speaking of sales:

"The sale may be made purely and simply, or under a condition either suspensive or resolutive. The object of the sale may also be two or more alternative things." (Authorities).

453

Article 2464 C.C. provides:

"The price of the sale must be certain, that is to say, fixed and determined by the parties." (Authorities).

The learned counsel for the defendant in this case refers to the case of Hypôlite Larousini v. Philip Werlein, 48 An., 13. Quoting from the syllabus:

"No cause of action — If there was a contract as alleged, plaintiff had no cause of action to compel the defendant to sign a deed of lease and accompanying notes."

This cause does not in any manner come under the facts and obligations in this case, and therefore, does not apply.

The other case cited by counsel is in the 49th Annual, at page 656, — Mirandona v. Nicholas Burg . The syllabus in that case reads:

"The specific performance of a contract will not be ordered, when compensation can be made in damages. Nor will it be decreed when the contract requires the doing of an act solely within the volition of the obligor, such as the signing of a lease or the appointing of an arbitrator or the exercise of an option to purchase property."

We consider that there is no applicability between the case at bar and the cases cited. The law is unambiguous and plain. The consideration in this case, acknowledged both by the act of sale and the notes in question, is the voluntary act of the defendant, for which he is bound in morals and in law.

Judgment affirmed.